**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CARMELA FOURNIER AND STEVEN
FOURNIER,                                                     CASE NO.:

      Plaintiffs,

vs.

DISCOVER FINANCIAL SERVICES,
LLC,                                                          <u>DEMAND FOR JURY TRIAL</u>

      Defendant,
_____/

<u>**VERIFIED COMPLAINT**</u>

    **COME NOW**, Plaintiffs, CARMELA FOURNIER and STEVEN FOURNIER (hereafter "Plaintiffs"), by and through undersigned counsel, and hereby sue Defendant, DISCOVER FINANCIAL SERVICES, LLC, (hereafter "Defendant"), and state as follows:

<u>**PRELIMINARY STATEMENT**</u>

    This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

<u>**JURISDICTION AND VENUE**</u>

    1.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

    2.    Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have

original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violation of 47 U.S.C. § 227(b)(1)(A)(iii).

3.      Venue is proper in this District because the phone calls were received in this District and Defendant transacts business in Pinellas County, Florida.

## FACTUAL ALLEGATIONS

4.      Plaintiffs are "consumers" as defined by the FCCPA, Fla. Stat. § 559.55(2).

5.      Defendant is a foreign limited liability company as registered with the Florida Department of State, Division of Corporations.

6.      Defendant is a "Creditor", as defined by the FCCPA, Fla. Stat. § 559.55(5) and does business throughout the state of Florida, including Pinellas County, Florida.

7.      Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

8.      The debt that is the subject matter of this complaint is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6).

9.      Defendant, at all material times, was attempting to collect on a debt, relating to a Discover credit card, Account No. ending in -7102, which was issued and serviced by Defendant.

10.      Plaintiff, CARMELA FOURNIER, was the only named account holder on the subject account.

11.      The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Pinellas County, Florida, by the Defendant's placing of calls to Pinellas County, Florida.

12.      Plaintiff, CARMELA FOURNIER, revoked any prior express consent to contact Plaintiff, CARMELA FOURNIER, via cell phone or any other form of communication on

December 9, 2015 at 11:29 A.M through a facsimile transmission to Defendant's facsimile no. 801-902-4650. See facsimile confirmation attached as Exhibit "A."

13. Plaintiff, STEVEN FOURNIER, did not give consent to be contacted on this account, as he is not a borrower or authorized party on the subject account.

14. Plaintiff, CARMELA FOURNIER, did not give consent for Defendant to contact Plaintiff, STEVEN FOURNIER, on this account, as he is not a borrower on the subject account.

15. In addition to the request not to be contacted by Defendant, Plaintiff, CARMELA FOURNIER'S, facsimile transmission directed Defendant to contact Plaintiff, CARMELA FOURNIER'S, attorney and included the contact information for the law firm.

16. Plaintiff, CARMELA FOURNIER'S, cellular telephone number ends in -4569.

17. Plaintiff, STEVEN FOURNIER'S, cellular telephone number ends in -4555.

18. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls to Plaintiff, CARMELA FOURNIER S, cellular telephone on the following dates and times listed on the call log attached as Exhibit "B."

19. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls to Plaintiff, STEVEN FOURNIER'S, cellular telephone on the following dates and times listed on the call log attached as Exhibit "C."

20. Defendant knowingly or willfully called Plaintiff, CARMELA FOURNIER'S, cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted.

21. Defendant knowingly or willfully called Plaintiff, CARMELA FOURNIER'S, cellular telephone after Defendant had unequivocal notice that Plaintiff, CARMELA FOURNIER, was represented by an attorney and could readily ascertain the Firm's contact information.

22.     Defendant knowingly or willfully called Plaintiff, STEVEN FOURNIER'S, cellular telephone even though Plaintiff, STEVEN FOURNIER, was not a borrower or authorized party on the subject account.

23.     Defendant placed calls to Plaintiffs' cellular telephones that included delays in time before the telephone call was transferred to a representative to speak.

24.     Defendant left messages on Plaintiffs' cellular telephone that started with a delay in time before the representative joined the line to leave a message.

25.     Plaintiff, CARMELA FOURNIER'S, attorney did not fail to respond within a reasonable period of time to any communication from Defendant, did not consent to Defendant's direct communication with Plaintiff, CARMELA FOURNIER, and Plaintiff, CARMELA FOURNIER, did not initiate any communications.

26.     None of Defendant's telephone calls placed to Plaintiffs' were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

27.     None of Defendant's telephone calls placed to Plaintiffs' were made with Plaintiffs' "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

28.     All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)
### (CARMELA FOURNIER V. DISCOVER FINANCIAL SERVICES, LLC)

29.     Plaintiff incorporates all allegations in paragraphs 1-28 as if stated fully herein.

30.     Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

31.     Defendant violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

32.     Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified to no longer call Plaintiff through any means.

**WHEREFORE**, Plaintiff, CARMELA FOURNIER, demands judgment against Defendant, DISCOVER FINANCIAL SERVICES, LLC, for the following relief:

a.     any actual damages sustained by Plaintiff as a result of the above allegations;

b.     statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.     pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d.     in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e.     any other relief the Court deems just and proper.

**COUNT II**
**VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)**
**(CARMELA FOURNIER V. DISCOVER FINANCIAL SERVICES, LLC)**

33.     Plaintiff incorporates all allegations in paragraphs 1-28 as if stated fully herein.

34.     Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

35.     Defendant violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Plaintiff after it knew Plaintiff was represented by counsel and could reasonably ascertain the name and address of counsel.

36.     Specifically, Defendant continued to place phone calls to Plaintiff's cellular telephone despite having actual knowledge that Plaintiff was represented by an attorney.

5

**WHEREFORE**, Plaintiff, CARMELA FOURNIER, demands judgment against Defendant, DISCOVER FINANCIAL SERVICES, LLC, for the following relief:

a.      any actual damages sustained by Plaintiff as a result of the above allegations;

b.      statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.      pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d.      in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's

<u>**COUNT III**</u>
<u>**VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)**</u>
**(STEVEN FOURNIER V. DISCOVER FINANCIAL SERVICES, LLC)**

37.      Plaintiff incorporates all allegations in paragraphs 1-28 as if stated fully herein.

38.      Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

39.      Defendant violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

40.      Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone despite the fact that Plaintiff, STEVEN FOURNIER, is not a borrower or authorized party on the subject account.

**WHEREFORE**, Plaintiff, STEVEN FOURNIER, demands judgment against Defendant, DISCOVER FINANCIAL SERVICES, LLC, for the following relief:

a.      any actual damages sustained by Plaintiff as a result of the above allegations;

b.      statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.      pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d.      in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e.      any other relief the Court deems just and proper.

**COUNT IV**
**VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)**
**(CARMELA FOURNIER V. DISCVOVER FINANCIAL SERVICES, LLC)**

41.     Plaintiff incorporates all allegations in paragraphs 1-28 as if stated fully herein.

42.     Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

43.     Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

44.     Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice.

45.     The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, CARMELA FOURNIER, demands judgment against Defendant, DISCOVER FINANCIAL SERVICES, LLC, for the following relief:

a.      statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after December 9, 2015 at 11:29 A.M.;

b.      an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c.      any other relief the Court deems just and proper.

### COUNT V
### VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)
### (STEVEN FOURNIER V. DISCVOVER FINANCIAL SERVICES, LLC)

46.      Plaintiff incorporates all allegations in paragraphs 1-28 as if stated fully herein.

47.      Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

48.      Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

49.      Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice.

50.      The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, STEVEN FOURNIER, demands judgment against Defendant, DISCOVER FINANCIAL SERVICES, LLC, for the following relief:

a.      statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations;

b.      an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c.      any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all issues.

## VERIFICATION

Under penalty of perjury, We have read the foregoing and it is true and correct.

*This space left blank intentionally*

_Carmela Fournier_
CARMELA FOURNIER

_Steven Fournier_
STEVEN FOURNIER

STATE OF NEW YORK

COUNTY OF _Westchester_

    The foregoing instrument was subscribed, acknowledged, sworn to and affirmed before me this _09_ day of _September_, 2016, by CARMELA FOURNIER, who is personally known to me or who produced _USA Passport Card_ as identification and who did take an oath.

SONIA M. KRAUS
Notary Public - State of New York
No. 01KR6232024
Qualified in Westchester County
My Commission Exp. 12/06/2018

_____
Signature of Notary Public
Print, type/Stamp Name of Notary

STATE OF NEW YORK

COUNTY OF _Westchester_

    The foregoing instrument was subscribed, acknowledged, sworn to and affirmed before me this _09th_ day of _September_, 2016, by STEVEN FOURNIER, who is personally known to me or who produced _USA Permanent Resident_ as identification and who did take an oath.

SONIA M. KRAUS
Notary Public - State of New York
No. 01KR6232024
Qualified in Westchester County
My Commission Exp. 12/06/2018

_____
Signature of Notary Public
Print, type/Stamp Name of Notary

Date:   September 16, 2016

**BOSS LAW**

/s/ Christopher W. Boss
_____
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: cpservice@protectyourfuture.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 503-2182
**Attorney for Plaintiff**